**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Louis Green,

      Plaintiff,

     v.                           Case No. 1:08cv77

Begley Company,                  Judge Michael R. Barrett

      Defendant.

**OPINION & ORDER**

    This matter is before the Court upon Defendant Begley Company's Motion to Dismiss, or in the alternative, Motion for More Definite Statement (Doc. 6); Plaintiff Louis Green's Response in Opposition (Doc. 8); and Defendant's Reply (Doc. 9).

**I.    BACKGROUND**

    This case was removed from the Hamilton County Court of Common Pleas based on diversity jurisdiction.

    Plaintiff is the owner of property and building at 7145 Beechmont Avenue in Cincinnati, Ohio.  (Doc. 2, ¶ 1)  On August 23, 1989, Plaintiff and Defendant entered into a lease agreement for one of the three spaces within the building.  (Id. ¶¶ 8, 34) Defendant operated a retail dry cleaning service on the property, but the store is now closed.  (Id. ¶ 6)  Walgreens remains a tenant and operates a retail store and pharmacy on the property.  (Id. ¶ 9)

    Plaintiff alleges that Defendant discharged chemicals that it used in the dry cleaning process and contaminated the entire property.  (Id. ¶ 11)  Plaintiff alleges that as a result

of the contamination, the property is unfit for further development and requires significant work and expenditures to rehabilitate. (Id. ¶ 12)  Plaintiff alleges the inability of Plaintiff to further develop the property has resulted in a significant economic loss.  (Id. ¶ 13)  Plaintiff alleges that it continues to be injured by Defendant's release of contaminants into the soil and groundwater.  (Id. ¶ 28)

In the Complaint, Plaintiff brings the following state law claims against Defendant: (1) public nuisance, (2) negligence, (3) strict liability, (4) trespass; and (5) breach of contract.

In its Motion to Dismiss or in the alternative Motion for More Definite Statement, Defendant argues that Plaintiff's Complaint is insufficient as a matter of Ohio law and should be dismissed with prejudice.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Defendant brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Rule 12(b)(6), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly,* at 1964-65 (citations omitted) (rejecting the traditional

12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B.   Public Nuisance**

_____Under Ohio law, nuisance is "a distinct civil wrong, consisting of anything wrongfully done or permitted which interferes with or annoys another in the enjoyment of his legal rights." *Taylor v. Cincinnati*, 55 N.E.2d 724, 729 (Ohio 1944).

Ohio courts designate nuisance as being "public" or "private." *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46, 51 (Ohio Ct. App. 2007), *citing Brown v. Scioto Cty. Bd. of Commrs.*, 622 N.E.2d 1153, 1158 (Ohio Ct. App. 1993).   A public nuisance is "an unreasonable interference with a right common to the general public."   *Id.*   To recover damages under a claim of public nuisance, the plaintiff must establish (1) an interference with a public right and (2) that the plaintiff has suffered an injury distinct from that suffered by the public at large.  *Id.* at 52, *citing Miller v. W. Carrollton*, 632 N.E.2d 582, 586 (Ohio Ct. App. 1993).

In contrast, a "private nuisance" is "a nontrespassory invasion of another's interest in the private use and enjoyment of land."   *Id.*, *citing Brown*, 622 N.E.2d at 1158. Unlike a public nuisance, a private nuisance threatens only one or few persons. *Id.*  In order for a private nuisance to be actionable, the invasion must be either (a) intentional and unreasonable or (b) unintentional but caused by negligent, reckless, or abnormally dangerous conduct.  *Id.*

Plaintiff argues correctly that while it has labeled its claim as one for "public nuisance," it is not bound to that label.  The Sixth Circuit has made clear that "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states."  *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001), *quoting United*

*States v. Louisville & Nashville R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955).

Federal Rule of Civil Procedure 8(a) establishes the basic notice pleading principle that the complaint shall contain a "short and plain statement of the claim showing the pleader is entitled to relief."  The Court finds that under this standard, Plaintiff adequately states a complaint of either public or private nuisance.

With regards to public nuisance, Plaintiff alleges that Defendant has released chemicals into the soil and groundwater.  The Court finds that this alleged contamination constitutes an "unreasonable interference," which has been defined as "those acts that significantly interfere with public health, safety, peace, comfort, or convenience, conduct that is contrary to a statute, ordinance, or regulation, or conduct that is of a continuing nature or one which has produced a permanent or long-lasting effect upon the public right, an effect of which the actor is aware or should be aware."  *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1142 (Ohio 2002), *citing* 4 Restatement of the Law 2d, Torts, § 821B(2) (1965).  In addition, Plaintiff alleges that it has suffered a injury distinct from that suffered by the public at large in that Plaintiff alleges economic harm resulting in its inability to further develop the property.

With regards to private nuisance, Plaintiff alleges that Defendant's release of chemicals into the soil and groundwater was both negligent and abnormally dangerous.

Based on the foregoing, the Court finds that Plaintiff has adequately stated a claim for nuisance under Ohio law.

## C.  Negligence

Under Ohio law, in order to maintain a negligence action, the plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty proximately

caused the plaintiff's injury. *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d at 1144, *citing Jeffers v. Olexo*, 539 N.E.2d 614 (Ohio 1989).  Plaintiff alleges that Defendant had a duty to handle, store, and dispose of chemicals used in the dry cleaning process in a reasonable manner to insure safety to employees, customers, and the general public. Plaintiff alleges that Defendant breached that duty by failing to exercise reasonable care, and as a direct and proximate result, Plaintiff suffered economic loss.

Based on the foregoing, the Court finds that Plaintiff has adequately stated a claim for negligence under Ohio law.

### D.    Strict liability

The elements of strict liability for harm caused by abnormally dangerous activity are: (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm; and (2) this strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.  *Crawford v. National Lead Co.*, 784 F.Supp. 439, 442 (S.D.Ohio 1989), *quoting* Restatement (Second) of Torts § 519 (1977).

Plaintiff alleges that Defendant is engaged in an abnormally and inherently dangerous activity based on the use of the chemicals used in the dry cleaning process.

Based on the foregoing, the Court finds that Plaintiff has adequately stated a claim for strict liability under Ohio law.

### E.    Trespass

"Trespass is the unlawful entry upon the property of another."  *Chance v. BP Chems., Inc.* (1996), 670 N.E.2d 985, 991 (Ohio 1996).  The elements of trespass are "(1)

an unauthorized intentional act, and (2) entry upon land in the possession of another."
*Brown*, 622 N.E.2d at 1161.

In *Nuckols v. National Heat Exchange Cleaning Corp.*, the court explained that traditionally, the law of trespass contemplates an intrusion upon land by another which affects "the possessor's interest in the exclusive possession of his land . . . by the presence of a person or thing upon it without the possessor's consent." 2000 WL 35596698, at * 6 (N.D.Ohio Dec. 11, 2000), *quoting* Restatement (2d) of Torts § 158, comment c. The court explained that "[l]ogically, therefore, an owner cannot trespass upon his own land." *Id.* However, the court explained that under the Restatement (2d) of Torts, trespass includes continued intentional unauthorized presence upon one's land--either a failure to leave or a failure to remove that which one has a duty to remove from the land. *Id.* As such, the court concluded that "if a lessee releases solid or hazardous waste upon leasehold property which remains on that property beyond the lease term, or which should be removed by the lessee at the expiration of its lease, and is not, the lessee may be held liable for the intentional tort of trespass." *Id.*

Plaintiff alleges that Defendant released contaminants into the soil and groundwater, and these contaminants continue to injure Plaintiff. Plaintiff alleges that Defendant's dry cleaning store is now closed.

Based on the foregoing, the Court finds that Plaintiff has adequately stated a claim for trespass under Ohio law.

## F. Breach of contract

To prove a breach of contract under Ohio law, the following elements must be established: (1) the existence of a valid contract; (2) performance by the plaintiff; (3)

breach by the defendant; and (4) damage or loss to the plaintiff. *Samadder v. DMF of Ohio, Inc.*, 798 N.E.2d 1141, 1147 (2003). To prove the existence of a valid contract, the plaintiff must prove all the essential elements of a contract, including an offer, acceptance, the manifestation of mutual assent, and consideration (the bargained for legal benefit and/or detriment). *Kostelnik v. Helper*, 770 N.E.2d 58 (2002). The plaintiff must also show that there was a "meeting of the minds" and that the contract was definite as to its essential terms. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 575 N.E.2d 134, 137 (1991).

Plaintiff alleges that the parties entered into a lease agreement. Plaintiff alleges that Defendant breached the agreement by committing acts of waste, failure to maintain premises in good care, and failure to comply with all applicable laws, ordinances, rules and regulations. Plaintiff alleges that despite notice of the breach, Defendant failed to cure the breach according to the terms of the lease agreement.

Based on the foregoing, the Court finds that Plaintiff has adequately stated a claim for breach of contract under Ohio law.

### G. <u>Motion for More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e); *see also SKY Technology Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D.Ohio 2000). Federal courts generally disfavor motions for more definite statements. *Federal Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D.Ohio 2007). In view of the notice

pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions.  *Id.*

Upon a review of Defendant's claimed deficiencies in the Complaint, the Court finds that the pleading is not so vague that it is unreasonable to expect that Defendant is unable to frame a responsive pleading.  Moreover, a motion for a more definite statement should not be used as a substitute for discovery. *Federal Ins. Co. v. Webne*, 513 F.Supp.2d at 924, *citing Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D.Ohio 1984).   Accordingly, Defendant's Motion for a More Definite Statement is DENIED.

## III.   <u>CONCLUSION</u>

Based on the foregoing, it is hereby **ORDERED** that Defendant Begley Company's Motion to Dismiss, or in the alternative, Motion for More Definite Statement (Doc. 6) be **DENIED**.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court